WORLD SERVICE LIFE INSURANCE COMPANY, AS SUCCESSOR BY MERGER TO GIBRALTAR LIFE INSURANCE COMPANY OF AMERICA, TRANSFEREE OF THE ASSETS OF PLANNED FUTURE LIFE INSURANCE COMPANY, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 13692-84.          Filed July 9, 1987.

---

*William S. Lee*, for the petitioner.
*Val J. Albright*, for the respondent.

## OPINION

JACOBS, *Judge*: Respondent determined a deficiency in income tax in the amount of $35,540.49 due from Planned Future Life Insurance Co. (PFLIC) for its short tax year January 1, 1974, to June 30, 1974. Petitioner concedes that it is liable for any tax deficiency determined to be due from PFLIC.[1] The deficiency arose as a result of respondent's determination that the amount remaining in PFLIC's policyholders surplus account as of June 30, 1974 (the date PFLIC ceased to be a life insurance company), for purposes of section 815(d)(2),[2] was greater than that determined by PFLIC. The parties agree that the balance in such account constitutes "life insurance company taxable income" within the meaning of section 802(b)(3).

The facts in this case have been fully stipulated pursuant to Rule 122 and are so found. For convenience, we shall combine our findings of fact and opinion.

---

[1]Petitioner, by merger to Gibraltar Life Insurance Co. of America, is the transferee of the assets of Commercial State Corp., which in turn was the transferee of the assets of PFLIC.

[2]All section references are to the Internal Revenue Code of 1954 as amended and in effect during the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.

At the time of the filing of the petition herein, petitioner's principal place of business was in Fort Worth, Texas.

PFLIC, a Minnesota corporation, commenced operations as a life insurance company in 1965; it ceased to be a life insurance company on June 30, 1974.

The income tax treatment of life insurance companies is governed by sections 801-820.[3] Under section 802(a), a tax is imposed on the "life insurance company taxable income" of every life insurance company. "Life insurance company taxable income" is defined in section 802(b) as the sum of the following three parts or phases:

(1) the lower of the company's taxable investment income (as defined in section 804) or its gain from operations (as defined in section 809)—this income is referred to as the company's Phase I income.

(2) if the company's gain from operation exceeds its taxable investment income, then an amount equal to 50 percent of such excess—this income is referred to as the company's Phase II income; and

(3) the amount subtracted from the policyholders surplus account for the taxable year, as determined under section 815—this income is referred to as the company's Phase III income. When a company ceases to qualify as a life insurance company, its Phase III income is the balance remaining in its policyholders surplus account.

Sec. 802(b)(3); sec. 815(d)(2)(A).

This case deals solely with PFLIC's Phase III income as a result of the termination of its operations as a life insurance company.

Effective January 1, 1959, all stock life insurance companies were required to establish and maintain (for tax purposes) a policyholders surplus account. Sec. 815(c)(1).[4] Additions and subtractions are made to such account, as set forth in section 815(c)(2) and (3). The amount added to the policyholders surplus account for each year is the sum of the following:

---

[3]These sections were substantially revised by the Tax Reform Act of 1984, Pub. L. 98-369, 98 Stat. 497, 1984-3 C.B. (Vol. 1) 1.

[4]The Life Insurance Company Income Tax Act of 1959, Pub. L. 86-69, 73 Stat. 112, 1959-2 C.B. 654, provided a new method of taxing life insurance companies for taxable years beginning after 1957. Congress determined that a part of the company's income should be deferred due to the fact that the precise amount of income realized by a life insurance company can only be determined over a long period of time. These deferred amounts are accumulated in the policyholders surplus account and are taxed at a later time (e.g., upon distribution to shareholders).

(1) an amount equal to 50 percent of the excess of the company's gain from operations over its taxable investment income,[5]

(2) the deduction for certain nonparticipating contracts provided by section 809(d)(5), and

(3) the deduction for accident and health insurance and group life insurance contracts provided by section 809(d)(6).

The deductions provided by section 809(d)(5) and (6) are referred to as "special deductions."

The policyholders surplus account is reduced by the amount of special deductions previously added to such account which increased or created a loss from operations for any year, or which did not reduce the life insurance company taxable income for any year to which the loss from operations was carried. Sec. 815 (d)(5).[6] The amount of special deductions included in the policyholders surplus account is, therefore, only those special deductions which reduced taxable income. The parties hereto differ as to the amount by which PFLIC's policyholders surplus account as of June 30, 1974, is to be reduced to account for the special deductions which did not reduce taxable income.

As of June 30, 1974, the balance in PFLIC's policyholders surplus account (prior to any section 815(d)(5) reduction) was $115,925. The following table reflects the yearly additions to that account, together with the balance therein at the close of each indicated taxable year:

*Additions to policyholders surplus account*

| TYE— | Sec. 809(d)(5) deductions | Sec. 809(d)(6) deductions | Balance in account |
|---|---|---|---|
| 12/31/65 | $291 | 0 | $291 |
| 12/31/66 | 2,604 | 0 | 2,895 |
| 12/31/67 | 8,604 | 0 | 11,499 |

---

[5]PFLIC had no such excess; hence, this item is not involved in this case.

[6]Sec. 815 provides:

SEC. 815(d). SPECIAL RULES.

\*     \*     \*     \*     \*     \*     \*

(5) REDUCTION OF POLICYHOLDERS SURPLUS ACCOUNT FOR CERTAIN UNUSED DEDUCTIONS.—If—

(A) an amount added to the policyholders surplus account for any taxable year increased (or created) a loss from operations for such year, and

(B) any portion of the increase (or amount created) in the loss from operations referred to in subparagraph (A) did not reduce the life insurance company taxable income for any taxable year to which such loss was carried,

the policyholders surplus account for the taxable year referred to in subparagraph (A) shall be reduced by the amount described in subparagraph (B).

| TYE— | Sec. 809(d)(5) deductions | Sec. 809(d)(6) deductions | Balance in account |
|---|---|---|---|
| 12/31/68 | $11,636 | 0 | $23,135 |
| 12/31/69 | 12,033 | 0 | 35,168 |
| 12/31/70 | 16,165 | $113 | 51,446 |
| 12/31/71 | 19,832 | 242 | 71,520 |
| 12/31/72 | 20,216 | 158 | 91,894 |
| 12/31/73 | 19,629 | 147 | [7]111,379 |
| 06/30/74 | 4,546 | 0 | [8]115,925 |

The parties agree that if special deductions in an early year were carried over to offset gain in 1973 or 1974, then such special deductions reduced taxable income in those years and are not subtracted from the policyholders surplus account. If such special deductions were not carried over to offset later gain, then they are unused deductions and should be subtracted from the policyholders surplus account.

The following table reflects PFLIC's gain or loss from operations both before and after the special deductions, but prior to the operations loss deduction (i.e., the operation loss carryover) provided by section 812:

| TYE— | Current gain (or loss) from operations prior to special deductions | Special deductions | Current Gain (or loss) from operations including special deductions |
|---|---|---|---|
| 12/31/65 | ($124,544) | $291 | ($124,836) |
| 12/31/66 | (152,795) | 2,604 | (155,399) |
| 12/31/67 | (148,126) | 8,604 | (156,730) |
| 12/31/68 | (80,725) | 11,636 | (92,361) |
| 12/31/69 | 9,520 | 12,033 | (2,513) |
| 12/31/70 | (65,274) | 16,278 | (81,553) |
| 12/31/71 | (88,599) | 20,074 | (108,673) |
| 12/31/72 | (43,027) | 20,374 | (63,401) |
| 12/31/73 | 44,947 | 19,776 | 25,172 |
| 06/30/74 | 595,249 | 4,546 | 590,703 |

---

[7]The parties agree that the $291 added to PFLIC's policyholder surplus account should be eliminated as of Dec. 31, 1973, since it could not be used to reduce taxable income after that time. Accordingly, as of Dec. 31, 1973, and thereafter, the balance in PFLIC's policyholders surplus account does not include such $291.

[8]See note 7.

Respondent determined that the amount of the reduction to PFLIC's policyholders surplus account as of June 30, 1974 (including the $291 reduction on December 31, 1973), was $27,191. As the calculations on page 76 show, respondent, beginning with the earliest taxable year, carried over and utilized each year's loss, including that year's special deductions, before utilizing the subsequent year's loss.

By this method, respondent determined that PFLIC's policyholders surplus account as of June 30, 1974, was $89,025, calculated as follows:

| | |
|---|---|
| Policyholders surplus account as of June 30, 1974 ........... | $115,925 |
| Add: $291 reduction taken in 1973 ........................ | 291 |
| | 116,216 |
| Subtract: Total reductions ............................... | 27,191 |
| PFLIC's policyholders surplus account as of June 30, 1974... | 89,025 |

PFLIC's successors-in-interest reported $34,876.60 on their short year return as the amount remaining in PFLIC's policyholders surplus account as of June 30, 1974, after taking into account the section 815(d)(5) reductions. Based on his determination that $89,025 was the amount remaining in PFLIC's policyholders surplus account as of June 30, 1974, rather than the reported $34,876.60, respondent increased PFLIC's life insurance company taxable income by $54,148.40 ($89,025—$34,876.60). In its amended petition, petitioner claims that PFLIC's policyholders surplus account as of June 30, 1974, was $16,703.

As the calculations on page 77 show (beginning with the earliest taxable year), petitioner first carried over and utilized each year's loss, exclusive of the special deductions. When all such losses for all years had been utilized, petitioner then carried over and utilized each year's special deductions, beginning again with the earliest taxable year.

Petitioner argues:

The special deductions were conceived by Congress in order to provide stock life insurance companies with additional after tax dollars (cushion). The cushion was intended to increase surplus to provide for certain special contingencies. If such special deductions are not necessary to reduce taxable income, then such amounts do not provide any tax benefits or increase surplus as intended by Congress. Based on this, it is inconceivable that the law would require amounts to be included in income under section 802(b)(3) when no cushion has been provided as a result of the special deductions * * * Except for $16,703, the taxpayer

| | 1965 | 1966 | 1967 | 1968 | 1969 | 1970 | 1971 | 1972 | 1973 | 1974 |
|---|---|---|---|---|---|---|---|---|---|---|
| Gain or (loss) from operations before special deductions | ($124,544) | ($152,795) | ($148,126) | ($80,725) | $9,520 | ($65,274) | ($88,599) | ($43,027) | $44,947 | $595,249 |
| Special deductions | (291) | (2,604) | (8,604) | (11,636) | (12,033) | (16,278) | (20,074) | (20,374) | (19,776) | (4,546) |
| Gain or (loss) from operations | (124,836) | (155,399) | (156,730) | (92,361) | (2,513) | (81,553) | (108,673) | (63,401) | 25,172 | 590,703 |
| *Utilization of losses:* | | | | | | | | | | |
| 1965 utilized in 1973 | 25,172 | | | | | | | | (25,172) | |
| 1966 utilized in 1974 | | 155,399 | | | | | | | | (155,399) |
| 1967 utilized in 1974 | | | 156,730 | | | | | | | (156,730) |
| 1968 utilized in 1974 | | | | 92,361 | | | | | | (92,361) |
| 1969 utilized in 1974 | | | | | 2,513 | | | | | (2,513) |
| 1970 utilized in 1974 | | | | | | 81,553 | | | | (81,553) |
| 1971 utilized in 1974 | | | | | | | 102,147 | | | (102,147) |
| Unused losses | 99,664 | 0 | 0 | 0 | 0 | 0 | 6,526 | 63,401 | 0 | 0 |

| | Unused losses | Additions to policyholders surplus account[1] | Reductions to policyholders surplus account[2] |
|---|---|---|---|
| 1965 | $99,664 | $291 | $291 |
| 1971 | 6,526 | 20,074 | 6,526 |
| 1972 | 63,401 | 20,374 | 20,374 |
| Total available reduction | | | 27,191 |

[1]The only additions to policyholders surplus account during 1965 to 1974 were the special deduction additions.

[2]The lesser of unused losses or additions to policyholders surplus account.

| | 1965 | 1966 | 1967 | 1968 | 1969 | 1970 | 1971 | 1972 | 1973 | 1974 |
|---|---|---|---|---|---|---|---|---|---|---|
| Gain (loss) from operations before special deductions and loss carryforwards (Stipulation of facts, No. 12) | ($124,544) | ($152,795) | ($148,126) | ($80,725) | $9,520 | ($65,274) | ($88,599) | ($43,027) | $44,947 | $595,249 |
| 1965 utilized in 1969 | $9,520 | | | | [9,520] | | | | | |
| 1965 utilized in 1973 | 44,947 | | | | | | | | [44,947] | |
| 1965 expired in 1973 | 70,077 | | | | | | | | | |
| 1966 utilized 6/30/74 | | 152,795 | | | | | | | | [152,795] |
| 1967 utilized 6/30/74 | | | 148,126 | | | | | | | [148,126] |
| 1968 utilized 6/30/74 | | | | 80,725 | | | | | | [80,725] |
| 1970 utilized 6/30/74 | | | | | | 65,274 | | | | [65,274] |
| 1971 utilized 6/30/74 | | | | | | | 88,599 | | | [88,599] |
| 1972 utilized 6/30/74 | | | | | | | | 43,027 | | [43,027] |
| Gain from operations before utilization of special deductions | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 16,703 |

never received any tax benefits as a result of its special deductions and, accordingly, only increased the cushion for special contingencies by the tax benefit on $16,703. Thus, the taxpayer should be allowed to decrease its policyholders surplus account to $16,703 and include only that amount in taxable income under section 802(b)(3).

In our opinion, respondent's approach should be used to calculate the reduction to PFLIC's policyholders surplus account.

Section 809(b)(2) defines an insurance company's "loss from operations" as the amount by which the deductions in section 809(d) exceeds items of income. Included among the deductions set forth in section 809(d) are the special deductions (which are included in the policyholders surplus account) as well as the deduction for an operating loss carryover as determined under section 812.[9] Sec. 809(d)(4); sec. 809(d)(5); sec. 809(d)(6). In carrying over a company's operations loss from one year to another, the *entire amount* of the loss from operations must be carried over. Sec. 812(b)(2).

If we were to accept petitioner's approach, the entire amount of the loss from operations would not be carried over. Petitioner's approach bifurcates the carryover loss into one "loss" exclusive of special deductions and another "loss" consisting solely of the special deductions. Petitioner would first offset its gain in 1973 and 1974 with that part of its 1965-72 loss before special deductions; petitioner would then apply the special deductions to reduce the remaining 1974 gain. Such an approach has no statutory support; in fact, it contravenes the statutory definition of a company's "loss from operations." See sec. 809(b)(2). The special deductions are an integral part of those deductions which must be taken into account in determining an insurance company's "loss from operations"—they cannot be separated from other deductions. Petitioner cannot establish its own "pecking" order with respect to how it

---

[9]Sec. 812 allows both the carryback and carryover of a company operations loss as a deduction. In general, an operations loss is first carried back to each of the 3 taxable years preceding the loss year and then carried over to each of the 5 taxable years following the loss year. Sec. 812(b). However, a "new company" (as defined in sec. 812(e)) may carry over its loss from operations for 8 taxable years following the loss year. The parties agree that PFLIC is a "new company." Thus, its loss from 1965 through 1971 may be carried over for 8 years following the loss year.

wishes to utilize past deductions to offset future income.

Accordingly, the loss from operations subject to carryover is the entire amount of the loss for the loss year, not a part thereof. Taking the entire loss into account, we hold that (1) for purposes of section 815(d)(5) the amount of the reduction to PFLIC's policyholders surplus account is $27,191, and (2) PFLIC's policyholders surplus account as of June 30, 1974 is $89,025.

*Decision will be entered for the respondent.*

---

[1] All Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code of 1954 as amended and in effect during the year in issue.